IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALVIN L JONES,

Petitioner, No. 2:11-cv-01186 KJM KJN P

vs.

GARY SWARTHOUT,

Respondent. FINDINGS AND RECOMMENDATIONS

_______________________/

I. Introduction

Petitioner, a state prisoner proceeding in forma pauperis and without counsel, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on challenges to a February 23, 2010 decision of the California Board of Parole Hearings ("Board"), denying petitioner parole. Petitioner contends that the Board's decision violated his rights under the Fourteenth Amendment and Ex Post Facto Clause. This action is before the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Local General Order No. 262, and Local Rule 302(c).

Pending before the court is respondent's motion to dismiss the petition (Dkt. No. 16), pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), on the ground that the petition fails to state a cognizable claim for relief. Rule 4 authorizes the summary dismissal of a habeas petition "[i]f it plainly appears from the petition

and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Id., Rule 4; see O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) ("[R]ule 4 . . . 'explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated'"), quoting Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir.1983).

Petitioner filed an opposition to respondent's motion to dismiss (Dkt. No. 20); respondent did not file a reply. For the reasons that follow, this court recommends that respondent's motion to dismiss be granted.

II. Background

Petitioner is incarcerated at California State Prison-Solano ("CSP-SOL"), serving a sentence of life with the possibility of parole, that commenced in 1983. Petitioner's subsequent parole hearing was convened on February 23, 2010, pursuant to which the Board denied petitioner parole, and deferred for three years his further subsequent parole hearing. (Dkt. No. 1-1 at 34-73.)[1] Following the Board's decision, petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court, which was denied in a written decision issued November 3, 2010 (Case No. WHC-989). (Dkt. No. 1-1 at 5-9.) Petitioner thereafter filed a petition for writ of habeas corpus in the Third District California Court of Appeal, which was summarily denied on December 29, 2010 (Case No. CO66868). (Id. at 10.) The California Supreme Court summarily denied review on March 16, 2011 (Case No. S189557). (Id. at 11.)

Petitioner claims that the Board's decision denying him parole violated his Fourteenth Amendment rights to due process, and that the deferral of his next parole hearing for a period three years violates his rights under the Ex Post Facto Clause.

III. Due Process

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a

---

1 Citations to the docket reflect the court's electronic pagination, not the internal pagination of the cited documents.

due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause, and then show that the procedures utilized to effect the deprivation were not constitutionally sufficient. Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from the Due Process Clause of the United States Constitution either "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

California's parole statutes give rise to a liberty interest in parole for which "the Due Process Clause requires fair procedures for its vindication." Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal. 4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal. 4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 862-63. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id.

Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. at 862-63. These considerations constitute "the beginning and the end of the federal habeas court's inquiry into whether [a petitioner] received due process" before a parole board. Id. at 862.

Petitioner contends the Board violated his due process rights by failing to adhere to the state law requirement, articulated in In re Lawrence, supra, 44 Cal. 4th at 1212, that "[i]t is not the existence or nonexistence of suitability or unsuitability factors that forms the crux of the parole decision; the significant circumstance is how those factors interrelate to support a conclusion of current dangerousness to the public." Stated differently, the "some evidence" standard applicable to Board decision requires "more than rote recitation of the relevant factors with no reasoning establishing a rational nexus between those factors and the necessary basis for the ultimate decision—the determination of current dangerousness." Id. at 1210. (See Petition, Dkt. No. 1 at 10-11.)

Petitioner contends that the Board "did not apply the nexus standard." (Dkt. No. 1 at 11.) Rather, petitioner asserts, the Board improperly denied him parole because petitioner refused to admit guilt for the crime underlying his conviction and sentence. (Id. at 14-17; see also Reply, Dkt. No. 20.) Petitioner asserts that he is innocent of the crime, and that the Innocence Project is currently considering whether to represent him. (See Petition, Dkt. No. 1 at 9; Dkt. No. 1-1 at 75 (Exh. C); Board Transcript, Dkt. No. 1-1 at 45-47.) Petitioner argues that the Board's reliance on his refusal to admit guilt is precluded by California Penal Code section 5011 (b) ("The Board of Prison Terms shall not require, when setting parole dates, an admission of guilt to any crime for which an inmate was committed."); accord Cal. Code Regs., tit. 15, § 2236 (" . . . A prisoner may refuse to discuss the facts of the crime in which instance a decision shall be made based on the other information available and the refusal shall not be held against the prisoner. . . ."); see also In re Jackson (2011) 193 Cal. App. 4th 1376, 1388-91 (finding that

Board violated Cal. Penal. Code § 5011(b), and 15 C.C.R. § 2236, "[b]ecause the only basis for the Board to conclude Jackson lacked insight, failed to take responsibility, and lacked remorse was his refusal to admit guilt for the commitment offense . . . .").

These contentions were addressed by the Placer County Superior Court, which concluded in pertinent part that, "in light of the petitioner's denial of responsibility, this Court finds that the Board's decision was based upon some evidence that supports its decision." (Dkt. No. 1-1 at 8 (citation omitted).)[2] While the lower court's reasoning, summarily affirmed by the state appellate courts, may be in conflict with the holding and supporting authorities set forth in In re Jackson, supra, 193 Cal. App. 4th 1376, such determination is not within the jurisdiction of this court.

Rather, as previously noted, this court's review of petitioner's federal due process claim is limited to the very narrow question whether petitioner received adequate process at the parole hearing. "Because the only federal right at issue is procedural, the relevant inquiry is what process [petitioner] received, not whether the state court [and Board] decided the case correctly."

---

2 The Placer County Superior Court reasoned in pertinent part (Dkt. No. 1-1 at 8):

> In the present case, the Board considered positive aspects of petitioner[']s background, including supportive letters written by friends and numerous laudatory statements and rating from correctional staff. . . . During the hearing, the petitioner denied committing the offense and stated that he was . . . innocent. . . . In its ruling, the Board found petitioner is not suitable for parole because he currently poses an unreasonable risk of danger if released from prison. The Board indicated that it weighed heavily the gravity of the crime, murder for hire, which demonstrated exceptional callous disregard for human suffering. The Board also found that in light of the petitioner's continued refusal to accept responsibility, that petitioner lacked insight and was unable to come to grips with the crime. This lack of insight meant that petitioner still posed a threat to society. Evidence that demonstrates a prisoner's insight, or lack thereof, into the reasons for his commission of the commitment offense is relevant to a determination of the prisoner's suitability for parole. (In re Rozzo (2009) 172 Cal. App. 4th 40, at p. 69, fn.9). Therefore, in light of the petitioner's denial of responsibility, this Court finds that the Board's decision was based upon some evidence that supports its decision. (Rosenkrantz, supra, 29 Cal. 4th at p. 677 [,] 59 P.3d 174.)

Nov. 3, 2010, Super. Ct. Decision, Case No. WHC-989, at 4.

Swarthout, 131 S. Ct. at 863. Therefore, this court is without authority, pursuant to a federal due process claim, to consider whether California's "some evidence" standard was correctly applied. Id. at 861.

Here, the record reflects that petitioner was present, with counsel, at the February 23, 2010, parole hearing; petitioner was afforded access to his record in advance; petitioner participated in the hearing; and petitioner was provided with the reasons for the Board's decision denying parole. (February 23, 2010 Board Transcript; see Dkt. No. 1-1 at 34-73.) According to the United States Supreme Court, the federal due process clause requires no more.

One additional matter requires mention. Although petitioner asserts throughout his briefing that he is innocent of the crime underlying his conviction and sentence, this claim was not exhausted in the state courts. A federal district court may not consider a habeas corpus claim that petitioner has not first exhausted pursuant to the remedies available in the state courts. See 28 U.S.C. § 2254(b)(1); Picard v. Connor, 404 U.S. 270, 276-78 (1971); Rose v. Lundy, 455 U.S. 509 (1982).

For these reasons, the court finds that petitioner is not entitled to relief on his federal due process claim. Rule 4, Federal Rules Governing § 2254 Cases.

IV. Ex Post Facto

Petitioner next contends that the Board's application of "Marsy's Law" (adopted by the voters pursuant to Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law"), to defer for three years his next parole hearing, violated the Ex Post Facto Clause of the United States Constitution. Petitioner notes that the Board rejected without analysis his attorney's objection to the three-year deferral, as an impermissible ex post facto ruling. (See Board Transcript, Dkt. No.1-1 at 56.)

Prior to the enactment of Marsy's Law, indeterminately-sentenced inmates, like petitioner, could be denied parole hearings for no more than one year unless the Board found, with stated reasons, that it was unreasonable to expect that parole could be granted the following

year; in such instances, the next parole hearing could be deferred for a period up to five years. Cal. Penal Code § 3041.5(b)(2) (2008). Now, Marsy's Law authorizes deferral of a subsequent parole hearing for a period up to fifteen years. Cal. Pen. Code, § 3041.5(b)(3) (2009). The shortest interval that the Board may set is three years, based on a finding that the prisoner "does not require a more lengthy period of incarceration . . . than seven additional years." Id., § 3041.5(b)(3)(C). Under the terms of the amended statute, petitioner's next parole hearing was deferred for a period of three years. (October 8, 2009 Board Transcript; see Dkt. No. 1 at 124.)

Under the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas relief may not be granted with respect to any claim adjudicated on the merits by the state court unless that state decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Even when a state court provides no reasons for its denial of the federal claim, a habeas petitioner may not obtain relief unless he shows "there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). These standards are highly deferential to the state court's decision and "difficult to meet." Id. at 786.

The federal Constitution provides that, "No State shall . . . pass any . . . ex post facto Law." U.S. Const. art. I, § 10. A law violates the Ex Post Facto Clause of the Constitution if it: (1) punishes as criminal an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a person of a defense available at the time the crime was committed. Collins v. Youngblood, 497 U.S. 37, 52 (1990). The Ex Post Facto Clause "is aimed at laws that retroactively alter the definition of crimes or increase the punishment for criminal acts." Himes v. Thompson, 336 F.3d 848, 854 (9th Cir. 2003) (citations and internal quotations omitted); see also California Dept. of Corrections v. Morales, 514 U.S. 499, 504 (1995). The Ex Post Facto Clause is also violated if:

(1) state regulations have been applied retroactively to a defendant; and (2) the new regulations have created a "sufficient risk" of increasing the punishment attached to the defendant's crimes. Himes, 336 F.3d at 854. However, not every law that disadvantages a defendant is a prohibited ex post facto law. The retroactive application of a change in state parole procedures constitutes a prohibited ex post facto law only if there exists a "significant risk" that such application will increase the punishment for the crime. See Garner v. Jones, 529 U.S. 244, 255 (2000).

Previous amendments to California Penal Code § 3041.5, allowing for longer periods of time between parole suitability hearings, have been upheld against challenges that they violated the Ex Post Facto Clause. See Morales, 514 U.S. at 509 (1981 amendment to § 3041.5, which increased maximum deferral period of parole suitability hearings to five years, did not violate the Ex Post Facto Clause because it simply altered the method of setting a parole release date and did not create a meaningful "risk of increasing the measure of punishment attached to the covered crimes"); Watson v. Estelle, 886 F.2d 1093, 1097-98 (9th Cir. 1989) (not a violation of the Ex Post Facto Clause to apply § 3041.5(b)(2)(A) to prisoners sentenced to life imprisonment prior to implementation of California's Determinate Sentence Law in 1977); Clifton v. Attorney General Of the State of California, 997 F.2d 660, 662 n.1 (9th Cir. 1993) (same); see also Garner, 529 U.S. at 249 (upholding Georgia's change in the frequency of parole hearings for prisoners serving life sentences, from three to eight years, in an action brought pursuant to 42 U.S.C. § 1983).

In the present case, the Placer County Superior Court rendered the last reasoned state court decision addressing petitioner's ex post facto challenge. The superior court declined to rule on the issue, due to the then-existing preliminary injunction barring enforcement of Section 3041.5,[3] issued on February 4, 2010, by Judge Karlton in Gilman v. Davis, 690. F. Supp.

---

3 The superior court, referring incorrectly to "Section 3041.4," reasoned in pertinent part (Dkt. No. 1-1 at 9):

Because the petitioner is serving a life term with the possibility of parole, the

2d 1105 (E.D. Cal. 2010). However, subsequently, on January 24, 2011, the Ninth Circuit Court of Appeals reversed the ruling and vacated the preliminary injunction. See Gilman v. Schwarzenegger, 638 F.3d 1101 (9th Cir. 2011). This ruling had no apparent impact on the California Supreme Court's subsequent March 16, 2011 denial of petitioner's petition for review. (See Dkt. No. 1-1 at 11.)

After reviewing the facts applicable to petitioner's ex post facto claim, clearly established federal law as determined by the Supreme Court, and California statutes and regulations related to the frequency of subsequent parole hearings, the court finds that the California courts' rejection of petitioner's ex post facto claim, on any basis, was not contrary to, nor involved an unreasonable application of, clearly established federal law as determined by the Supreme Court. 28 U.S.C. § 2254(d). The state court decisions are not out of line with the decisions reached by the Supreme Court in both Morales and Garner, especially in light of the fact that, as in Morales and Garner, the Board can expedite a suitability hearing if it believes an inmate should be paroled. See Cal. Penal Code § 3041.5(b)(4) ("The board may in its discretion . . . advance a hearing . . . when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration . . . ."); see also id., § 3041.5(d) (1) ("An inmate may request that the board exercise its discretion to advance a hearing. . . .").

////

---

> petitioner in this case appears to fall within a class of inmates that have brought a Federal class action lawsuit in Gilman v. Davis (2010) 690 F. Supp. 2d 1105. On February 4, 2010, after finding that plaintiff inmates had shown a likelihood of success on the merits of their Ex Post Facto challenge to Proposition 9's amendments to California's parole process, the Honorable Lawrence Karlton issued a preliminary injunction barring the enforcement of section 3041.[5] by the California Board of Parole Hearings. Further hearings on the constitutionality of that statute are scheduled. Accordingly, since enforcement of section 3041.[5] has been enjoined, this Court will decline to rule at present upon the constitutionality of that section.

Nov. 3, 2010, Super. Ct. Decision, Case No. WHC-989, at 5.

Therefore, the court finds that petitioner is not entitled to relief on his ex post facto claim, Rule 4, Federal Rules Governing § 2254 Cases, which should be dismissed without prejudice.[4]

V. Conclusion

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (Dkt. No. 16), should be granted;

2. Petitioner's due process challenge to the February 23, 2010 decision of the Board of Parole Hearings, should be dismissed; and

3. Petitioner's ex post facto challenge to the Board's three-year deferral of a subsequent parole hearing, should be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within 14 days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

////

---

4 As previously noted, still pending in this court is a civil rights class action, filed pursuant to 42 U.S.C. § 1983, which challenges "Marsy's Law" as a violation of the Ex Post Facto Clause. In Gilman v. Fisher, designated in this court as Case No. 2:05-cv-0830 LKK GGH P, the classes of persons identified as plaintiffs therein are: (1) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008;" (2) "all California state prisoners who have been sentenced to a life term with possibility of parole and have reached eligibility for a parole consideration hearing;" and (3) "all California state prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008." See id., Order filed April 25, 2011 (Dkt. No. 340 at 2). Petitioner may be a member of one or more of these classes. In general, a member of a class action may not pursue an individual action for equitable relief that is also sought by the class. See e.g. Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979).

Should petitioner file objections, he may address whether a certificate of appealability should issue in the event petitioner files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing § 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). A certificate of appealability may issue under 28 U.S.C. §2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

DATED: June 26, 2012

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

jone1186.hc.mtd